# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X

MARILYN MENDEZ VASQUEZ,

        Plaintiff,

-against-

RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.,
STEVEN C. HAGAN, "XYZ CORPORATION NO. 1,"
said name being fictitious and presently unknown but
intended to be the owner of the Defendants' vehicle, and
"XYZ CORPORATION NO. 2," said name being fictitious
and presently unknown but intended to be employer of
Defendant STEVEN C. HAGAN,

        Defendants.
------------------------------------------------------------------X

**SUMMONS**

Index No.:

Date Purchased:

Plaintiff designates County of
BRONX as place of trial

The basis of venue is:
The location of the occurrence
Pursuant to CPLR 503(a)

The occurrence happened in the
County of Bronx

To the above-named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: July 29, 2022
        Bronx, New York

        Yours, etc.
        OREMLAND LAW GROUP P.C.

        *Adam Oremland*
                /s/
        _____
        **ADAM OREMLAND, ESQ.**
        Attorney for Plaintiff
        1700 Grand Concourse, Suite 3K
        Bronx, New York 10457
        (718) 367-1700

DEFENDANTS' ADDRESSES:

**RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**
11 Industrial Park Road
Mifflinburg, PA 17844

**STEVEN C. HAGAN**
1190 Paxton Street
Middleburg, PA 17842

**"XYZ CORPORATION NO. 1"**

**"XYZ CORPORATION NO. 2"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------------X
MARILYN MENDEZ VASQUEZ,

        Plaintiff,    **VERIFIED COMPLAINT**

       -against-    Index No.:

RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.,
STEVEN C. HAGAN, "XYZ CORPORATION NO. 1,"
said name being fictitious and presently unknown but
intended to be the owner of the Defendants' vehicle, and
"XYZ CORPORATION NO. 2," said name being fictitious
and presently unknown but intended to be employer of
Defendant STEVEN C. HAGAN,

        Defendants.
-------------------------------------------------------------------------X

Plaintiff **MARILYN MENDEZ VASQUEZ,** by and through her attorneys OREMLAND LAW GROUP P.C., complaining of the defendants herein, respectfully show to this Court and allege, upon information and belief, as follows:

1. That at all times hereinafter mentioned, Plaintiff **MARILYN MENDEZ VASQUEZ** was and still is a resident of the County of Bronx, City and State of New York.

2. That the claims and causes of action alleged herein arose in the County of Bronx, City and State of New York.

3. That at all times hereinafter mentioned, upon information and belief, Defendant, **STEVEN C. HAGAN,** was and still is a resident of Snyder County, Pennsylvania.

4. At all times hereinafter mentioned, Defendant, **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.,** was a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

5. At all times hereinafter mentioned, Defendant, **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.,** was and still is a domestic business corporation licensed to conduct business within the State of New York.

6. At all times hereinafter mentioned, Defendant, **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**, was a duly organized foreign corporation, authorized to do business in the State of New York.

7. At all times hereinafter mentioned, Defendant, **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**, was and still is a duly organized foreign corporation, transacting and doing business in the State of New York.

8. At all times hereinafter mentioned, Defendant, **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**, was a duly organized domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

9. At all times hereinafter mentioned, Defendant, **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**, was a domestic limited liability company licensed to conduct business within the State of New York.

10. At all times hereinafter mentioned, Defendant, **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**, was a duly organized foreign limited liability company, authorized to do business in the State of New York.

11. At all times hereinafter mentioned, Defendant, **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**, was a duly organized foreign limited liability company, transacting and doing business in the State of New York.

12. That at all times hereinafter alleged, Defendant, **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**, was and still is an unincorporated business, transacting and doing business in the State of New York.

13. That at all times hereinafter alleged, Defendant, **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**, was and still is a sole proprietorship, transacting and doing business in the State of New York.

14. That at all times hereinafter alleged, Defendant, **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**, was a D/B/A for a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

15. That at all times hereinafter alleged, Defendant, **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**, was a D/B/A for a foreign corporation, authorized to do business in the State of New York.

16. That at all times hereinafter alleged, Defendant, **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**, was a D/B/A for a foreign corporation transacting and doing business in the State of New York.

17. That at all times hereinafter alleged, Defendant, **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**, was a D/B/A for a domestic limited liability company licensed to conduct business within the State of New York.

18. That at all times hereinafter alleged, Defendant, **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**, was a D/B/A for a foreign limited liability company, authorized to do business in the State of New York.

19. That at all times hereinafter alleged, Defendant, **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**, was a D/B/A for a foreign limited liability company, transacting and doing business in the State of New York.

20. That at all times hereinafter alleged, Defendant, **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**, was a D/B/A for an unincorporated business, transacting and doing business in the State of New York.

21. That at all times hereinafter alleged, Defendant, **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**, was a D/B/A for a sole proprietorship, transacting and doing business in the State of New York.

22. That at all times relevant and hereinafter alleged, Defendant, **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**, was and still is authorized to do and conduct business in the State of New York, pursuant to the laws of the State of New York.

23. That at all times hereinafter alleged, Defendant, **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**, does and/or solicits business within the State of New York.

24. That at all times hereinafter alleged, Defendant, **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**, derives substantial revenues from goods used or consumed or services rendered in the State of New York.

25. That at all times hereinafter alleged, Defendant, **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**, derived substantial revenues from interstate or international commerce.

26. That at all times hereinafter alleged, Defendant, **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**, expected or should have reasonably expected its acts to have consequences in the State of New York.

27. That on October 7, 2021, and upon information and belief, the Defendant, **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.** was the owner of a motor vehicle bearing Pennsylvania plate number AG90386.

28. That on October 7, 2021, and upon information and belief, the Defendant, **"XYZ CORPORATION NO. 1"** was the owner of a motor vehicle bearing Pennsylvania plate number AG90386.

29. That on October 7, 2021, and upon information and belief, the Defendant, **"XYZ CORPORATION NO. 2"** was the owner of a motor vehicle bearing Pennsylvania plate number AG90386.

30. That on October 7, 2021, and upon information and belief, the Defendant, **STEVEN C. HAGAN**, was an employee of Defendant **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**

31. That on October 7, 2021, at all times hereinafter mentioned, and upon information and belief, the Defendant, **STEVEN C. HAGAN**, was in the course of his employ with Defendant, **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**

32. That on October 7, 2021, and upon information and belief, the Defendant, **STEVEN C. HAGAN**, was an employee of Defendant **"XYZ CORPORATION NO. 1"**.

33. That on October 7, 2021, at all times hereinafter mentioned, and upon information and belief, the Defendant, **STEVEN C. HAGAN**, was in the course of his employ with Defendant, **"XYZ CORPORATION NO. 1"**.

34. That on October 7, 2021, and upon information and belief, the Defendant, **STEVEN C. HAGAN**, was an employee of Defendant **"XYZ CORPORATION NO. 2"**.

35. That on October 7, 2021, at all times hereinafter mentioned, and upon information and belief, the Defendant, **STEVEN C. HAGAN**, was in the course of his employ with Defendant, **"XYZ CORPORATION NO. 2"**.

36. That on October 7, 2021, and upon information and belief, the Defendant, **STEVEN C. HAGAN**, operated a motor vehicle bearing Pennsylvania plate number AG90386.

37. That on October 7, 2021, and upon information and belief, the Defendant, **STEVEN C. HAGAN**, maintained a motor vehicle bearing Pennsylvania plate number AG90386.

38. That on October 7, 2021, and upon information and belief, the Defendant, **STEVEN C. HAGAN**, managed a motor vehicle bearing Pennsylvania plate number AG90386.

39. That on October 7, 2021, and upon information and belief, the Defendant, **STEVEN C. HAGAN**, controlled a motor vehicle bearing Pennsylvania plate number AG90386.

40. That on October 7, 2021, and upon information and belief, the Defendant, **STEVEN C. HAGAN**, operated a motor vehicle bearing Pennsylvania plate number AG90386 with the knowledge, permission and consent of Defendant **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**

41. That on October 7, 2021, and upon information and belief, the Defendant, **STEVEN C. HAGAN**, maintained a motor vehicle bearing Pennsylvania plate number AG90386 with the knowledge, permission and consent of Defendant **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**

42. That on October 7, 2021, and upon information and belief, the Defendant, **STEVEN C. HAGAN**, managed a motor vehicle bearing Pennsylvania plate number AG90386 with the knowledge, permission and consent of Defendant **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**

43. That on October 7, 2021, and upon information and belief, the Defendant, **STEVEN C. HAGAN**, controlled a motor vehicle bearing Pennsylvania plate number AG90386 with the knowledge, permission and consent of Defendant **RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.**

44. That on October 7, 2021, and upon information and belief, the Defendant, **STEVEN C. HAGAN**, operated a motor vehicle bearing Pennsylvania plate number AG90386 with the knowledge, permission and consent of Defendant **"XYZ CORPORATION NO. 1"**.

45. That on October 7, 2021, and upon information and belief, the Defendant, **STEVEN C. HAGAN**, maintained a motor vehicle bearing Pennsylvania plate number AG90386 with the knowledge, permission and consent of Defendant **"XYZ CORPORATION NO. 1"**.

46. That on October 7, 2021, and upon information and belief, the Defendant, **STEVEN C. HAGAN**, managed a motor vehicle bearing Pennsylvania plate number AG90386 with the knowledge, permission and consent of Defendant **"XYZ CORPORATION NO. 1"**.

47. That on October 7, 2021, and upon information and belief, the Defendant, **STEVEN C. HAGAN**, controlled a motor vehicle bearing Pennsylvania plate number AG90386 with the knowledge, permission and consent of Defendant **"XYZ CORPORATION NO. 1"**.

48. That on October 7, 2021, and upon information and belief, the Defendant, **STEVEN C. HAGAN**, operated a motor vehicle bearing Pennsylvania plate number AG90386 with the knowledge, permission and consent of Defendant **"XYZ CORPORATION NO. 2"**.

49. That on October 7, 2021, and upon information and belief, the Defendant, **STEVEN C. HAGAN**, maintained a motor vehicle bearing Pennsylvania plate number AG90386 with the knowledge, permission and consent of Defendant **"XYZ CORPORATION NO. 2"**.

50. That on October 7, 2021, and upon information and belief, the Defendant, **STEVEN C. HAGAN**, managed a motor vehicle bearing Pennsylvania plate number AG90386 with the knowledge, permission and consent of Defendant **"XYZ CORPORATION NO. 2"**.

51. That on October 7, 2021, and upon information and belief, the Defendant, **STEVEN C. HAGAN**, controlled a motor vehicle bearing Pennsylvania plate number AG90386 with the knowledge, permission and consent of Defendant **"XYZ CORPORATION NO. 2"**.

52. That on October 7, 2021, at all of the times hereinafter mentioned, 295I Eastbound Cross Bronx Extension and/or 295I Eastbound Cross Bronx Expressway Extension and/or at or near Harding Avenue exit, in the City of New York, County of Bronx, State of New York, were and still are public highways used extensively by the public in general.

53. That on October 7, 2021, at approximately 7:30 p.m., and upon information and belief, at the aforesaid location, Plaintiff, **MARILYN MENDEZ VASQUEZ**, was a lawful operator of a motor vehicle bearing New Jersey State plate number 180713T.

54. That on October 7, 2021, at approximately 7:30 p.m., at the aforesaid location, the Defendants' motor vehicle came into contact with the Plaintiff's motor vehicle, causing Plaintiff to sustain serious personal injuries hereinafter alleged.

55. That the aforesaid accident and injuries resulting therefrom were due solely and wholly as a result of the careless, reckless and negligent manner in which the Defendants and/or each of them, owned, operated, maintained, managed and/or controlled the vehicle, without the Plaintiff in any way contributing thereto.

56. That by reason of foregoing and the negligence of the Defendants, and/or each of them, the Plaintiff, **MARILYN MENDEZ VASQUEZ**, was seriously and severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

57. That by reason of the foregoing, the Plaintiff, **MARILYN MENDEZ VASQUEZ**, was compelled to and did necessarily require medical aid and attention, and did necessarily expend and pay and become liable therefore for hospital, medical care and treatment and medicines and upon information and belief, the Plaintiff, **MARILYN MENDEZ VASQUEZ**, will necessarily incur similar expenses and said loss continues to date.

58. That by reason of the foregoing, the Plaintiff, **MARILYN MENDEZ VASQUEZ**, has been unable to attend to her usual occupation in the manner required.

59. Solely as a result of Defendants' negligence as aforesaid, Plaintiff was personally injured, and was prevented from performing her usual and customary duties, activities and occupation.

60. That by reason of the wrongful, negligent and unlawful actions of the Defendants, and/or each of them, as aforesaid, the Plaintiff, **MARILYN MENDEZ VASQUEZ**, sustained serious injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in Section 5102 of the said Insurance Law.

61. That one or more of the exceptions of § 1602 of the Civil Practice Law and Rules applies to the within action.

62. That as a result of the foregoing, the Plaintiff, **MARILYN MENDEZ VASQUEZ**, sustained damages in the amount that exceeds the jurisdictional limits of the lower Courts.

**WHEREFORE**, the Plaintiff, **MARILYN MENDEZ VASQUEZ**, demands judgment against the Defendants on all claims and all causes of action in the amount that exceeds the jurisdictional limits of the lower Courts, all together with costs and disbursements of this action.

Dated: July 29, 2022
       Bronx, New York

                                       Yours, etc.
                                       OREMLAND LAW GROUP P.C.

                                       *Adam Oremland*
                                                    /s/
                                       _____
                                       **ADAM OREMLAND, ESQ.**
                                       Attorney for Plaintiff
                                       1700 Grand Concourse, Suite 3K
                                       Bronx, New York 10457
                                       (718) 367-1700

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK }
} .SS:
COUNTY OF **BRONX** }

**MARILYN MENDEZ VASQUEZ**, being duly sworn, deposes and says:

Deponent is the Plaintiff in the with action;

Deponent has read the foregoing **SUMMONS + VERIFIED COMPLAINT** and knows the contents thereof;

The same is true to deponent knowledge except as matters therein stated to be alleged and that as to those matters, Deponent believes them to be true.

X _____

Sworn to before me this
**29th** day of **July**, 20**22**

_____
Notary Public

ADAM OREMLAND
Notary Public, State of New York
No. 02OR6200743
Qualified in New York County
Commission Expires February 2, 2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

MARILYN MENDEZ VASQUEZ,

    Plaintiff,

-against-

RITZ-TRANS CORPORATION OF PENNSYLVANIA INC.,
STEVEN C. HAGAN, "XYZ CORPORATION NO. 1,"
said name being fictitious and presently unknown but
intended to be the owner of the Defendants' vehicle, and
"XYZ CORPORATION NO. 2," said name being fictitious
and presently unknown but intended to be employer of
Defendant STEVEN C. HAGAN,

    Defendants.

---

### SUMMONS and VERIFIED COMPLAINT

---

**OREMLAND LAW GROUP P.C.**
Attorney for Plaintiff
MARILYN MENDEZ VASQUEZ
1700 Grand Concourse
Suite 3K
Bronx, New York 10457
(718) 367-1700